The Town of Glover *vs.* B. F. D. Carpenter et al.

January Term, 1898.

Present: Ross, C. J., Taft, Tyler, Start and Thompson, JJ.

*Highway near Town Line—Apportionment—Authority of County Road Commissioners.*

V. S. 3335, authorizing an apportionment of the expense of building or maintaining a highway laid out near the line between two towns instead of on such line by reason of the position of the land or nature of the soil, applies equally to a highway laid out on such line but constructed at a little distance therefrom for the same reasons of convenience.

It is not necessary that the apportionment should be equal. "Jointly liable" does not mean "equally liable."

The term highway, as here used, includes bridges.

V. S. 3329—3337 and 3489 construed.

Bill in Chancery. Heard on pleading and master's report at the September Term, 1897, Orleans County, before *Rowell,* Chancellor, who dismissed the bill with costs. The orator appealed.

*E. A. Cook* for the orator.

V. S. 3337 declares that no town shall be assessed towards the expense of building or maintaining any

highway in another town, except as provided in the two preceding sections, which relate solely to a highway which is *laid out* near to instead of upon the town line for the reasons of convenience there mentioned. This highway was laid out *upon* the line.

The county road commissioners had no authority unless by virtue of V. S. 3489, and that section limits their authority to highways within the town assessed or *upon the line* between that town and another. This highway was not upon the line. It was laid there, but constructed elsewhere.

V. S. 3489, at any rate, authorizes only a joint assessment, which means an equal one, for it provides that the towns shall be "jointly liable."

*W. W. Miles* for the defendant.

TAFT, J. In this case the orator brings a bill to enjoin the county road commissioners in Orleans county from proceeding to assess the orator town under V. S. chap. 152 for the repairs of a highway. The orator insists that the commissioners have no such power for that V. S. 3337 provides that "no town shall be assessed towards the expense of building or maintaining any highway in another town, except as provided in the two preceding sections." The preceding section, 3335, authorizes an assessment for repairing a highway laid out near the line between two towns instead of on such line on account of the position of the land or nature of the soil over which it is laid, if both towns are benefited in a similar manner as though the highway was on such line, and provides that the expense of repairing may be apportioned and the same proceedings had as in case of a highway on the line between two towns. If a highway is on the line between two towns, both towns are liable to keep it in repair. V. S. 3329-3337. The term highway includes a bridge. V. S. 24. A bridge is the subject of controversy in this proceeding.

The road upon which the bridge is situated was built in 1853, by the towns of Glover and Greensboro jointly. It was laid out as a pent road and surveyed on the line between the towns, and many years ago it became an open highway. When constructed, for the reasons stated in § 3335 it was built *near* the line instead of *on* the line. We hold that legally it should be regarded in respect to maintenance and repairs as if situated on the line. It serves the same practical purposes and deflects from the exact line, no doubt, for the purpose of procuring a better road, at less expense. The expenses of repairs may be apportioned, not necessarily in equal proportions, but as the commissioners deem just. There was no error in the proceedings of the commissioners and the other questions argued it is unnecesary to notice.

*Decree affirmed and cause remanded.*